UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ORTIZ AREVALO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br>COMMISSIONER OF SOCIAL<br>SECURITY,[1]<br><br>　　　　Defendant. | Case No.  1:22-cv-01331-DJC-HBK<br><br>FINDINGS AND RECOMMENDATIONS  TO GRANT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENY DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND REMAND CASE TO THE COMMISSIONER OF SOCIAL SECURITY[2]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No.  15, 19) |

　　　　Manuel Ortiz Arevalo ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for disability insurance benefits under the Social Security Act. (Doc. No. 1).  The matter is currently before the Court on the parties' briefs, which were submitted without oral argument. (Doc. Nos. 15, 19-20).  For the reasons stated, the undersigned RECOMMENDS granting Plaintiff's motion for summary judgment, denying the Commissioner's cross-motion for summary judgment, and

---

[1] The Court has substituted Martin O'Malley, who has been appointed the Acting Commissioner of Social Security, as the defendant in this suit.  *See* Fed. R. Civ. P. 25(d).

[2] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

remanding for further administrative proceedings.

## I.     JURISDICTION

Plaintiff protectively filed for disability insurance benefits on October 3, 2019, alleging an onset date of September 20, 2018. (AR 323-26). Benefits were denied initially (AR 77-84, 97-101), and upon reconsideration (AR 85-96, 103-07). Plaintiff appeared at a telephonic hearing before an Administrative Law ("ALJ") on February 25, 2021, and again on August 3, 2021. (AR 37-76). Plaintiff was represented by counsel at the second hearing, and testified at both hearings with an interpreter. (*Id.*). On August 17, 2021, the ALJ issued an unfavorable decision (AR 15-36), and on August 15, 2022 the Appeals Council denied review (AR 1-8). The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## II.     BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 50 years old at the time of the second hearing. (AR 58). He did not complete first grade, and testified that he is illiterate. (AR 58). He lives with a friend. (AR 58). Plaintiff has work history as a forklift operator, tractor operator, and landscape laborer. (AR 59, 67-68). Plaintiff testified that he can no longer work because of back pain and numbness in his legs. (AR 59). He reported dizziness and anxiety, testified he has pain in his legs and they fall asleep, and reported he does not sleep well. (AR 60). Plaintiff can stand for 10 minutes before he has to change positions, he cannot lift more than 5 pounds, he can sit for 7 minutes before he has to change positions, and he can only walk for 10 minutes at one time because he has leg pain and numbness. (AR 61-62). He testified that he has to lay down two or three times a day to get rid of the pain, has trouble leaning forward, and has numbness in his legs every day. (AR 62-64).

## III.     STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or

is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV.   SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the

claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §

404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## V. ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 20, 2018, the alleged onset date. (AR 24). At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine with stenosis, spondylosis, and radiculopathy; obesity; and contracture of muscle. (AR 24). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 24). The ALJ then found that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally lift and/or carry 25 pounds. The claimant [can] frequently lift and/or carry 25 pounds. The claimant can occasionally push or pull or operate foot controls with both lower extremities. The claimant can occasionally kneel, crouch, stoop, balance, and crawl, and can occasionally climb stairs and ramps. The claimant can never climb ladders, ropes and scaffolds, and can never be exposed to unprotected heights and moving mechanical parts The claimant can tolerate occasional exposure to vibration. In addition, the claimant is able to understand, carry-out, and remember simple instructions, and make simple work related decisions.

(AR 25). At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR 28). At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including garment folder, office cleaner, and bottling line attendant. (AR 29-30). On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined

in the Social Security Act, from September 20, 2018, through the date of the decision.  (AR 30).

## VI.   ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act.  (Doc. No. 1).  Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly considered the medical opinion evidence; and
2. Whether the ALJ properly considered Plaintiff's symptom claims.

(Doc. No. 15 at 9-15).

## VII.   DISCUSSION

### A. Medical Opinions

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence.  *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 404.1520c.  The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; see 20 C.F.R. § 404.1520c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. § 404.1520c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. § 404.1520c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 404.1520c(b)(2).  Supportability and consistency are explained in the regulations:

6

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. § 404.1520c(b)(3).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). Nonetheless, in rejecting an examining or treating doctor's opinion as unsupported or inconsistent, an ALJ must still provide an explanation supported by substantial evidence. *Id*. at 792. This means that the ALJ "must 'articulate ... how persuasive' [he or she] finds 'all of the medical opinions' from each doctor or other source ... and 'explain how [he or she] considered the supportability and consistency factors' in reaching these findings." *Id*. (citing 20 C.F.R. §§ 404.1520c(b), 404.1520(b)(2)).

Plaintiff argues the "ALJ's RFC determination is unsupported by substantial evidence as he failed to mention, much less properly evaluate the opinion of Plaintiff's treating physician, Dr. Richard E. Sall, M.D. (Doc. No. 15 at 9-13). In March 2020, Dr. Sall opined that Plaintiff could walk half a city block without rest or severe pain; could sit for 20 minutes at a time for a total of less than 2 hours total in an 8-hour workday; could stand for 15 minutes at a time for a total of less than 2 hours total in an 8-hour workday; would need to shift positions at will from sitting, standing, or walking; would need an assistive device for standing and walking due to imbalance,

1  pain, and weakness; could occasionally lift less than 10 pounds; could never twist, stoop, crouch,
2  squat, or climb ladders; could rarely climb stairs; had no limitations with reaching, handling, or
3  fingering; would be off task 25% or more of a typical workday; was incapable of even low stress
4  work; and would be absent about four days per month if he tried to work full time.  (AR 837-39).
5  The ALJ "considered the worker's compensation work restrictions and opinions throughout the
6  record, along with the treating source statements.  The [ALJ] found these to be unpersuasive and
7  inconsistent with the medical evidence in this case."  (AR 28).

8       As an initial matter, Plaintiff argues the ALJ failed to consider Dr. Sall's treating opinion
9  as a "separate opinion wholly unrelated to Plaintiff's worker compensation claims" and therefore
10 erred because he "either mischaracterized Dr. Sall's medical source statement or failed to address
11 it entirely."  (Doc. No. 15 at 11).  Here, aside from the state agency prior administrative medical
12 findings, the ALJ considered all of the "opinions throughout the record" jointly and provided only
13 a string citation to those opinions, which were almost entirely comprised of findings related to
14 Plaintiff's worker's compensation claim, without reference to any specific limitation opined by
15 any source.  (AR 28).  As stated above, the new regulations provide that the ALJ will no longer
16 "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017
17 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see also* 20 C.F.R. §§ 404.1520c(a).  However,
18 under the new regulations and Ninth Circuit law, "[t]he agency must 'articulate ... how
19 persuasive' it finds 'all of the medical opinions' from *each* doctor or other source, 20 C.F.R. §
20 404.1520c(b), and "explain how [it] considered the supportability and consistency factors" in
21 reaching these findings, *id.* § 404.1520c(b)(2)." *Woods*, 32 F.4th at 792 (emphasis added); *see*
22 *also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (when considering the medical opinion
23 evidence, the ALJ must do more than state a conclusion; rather, the ALJ must "set forth his own
24 interpretations and explain why they, rather than the doctors', are correct."); *Brown-Hunter v.*
25 *Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (a court "cannot substitute [the court's] conclusions for
26 the ALJ's, or speculate as to the grounds for the ALJ's conclusions.  Although the ALJ's analysis
27 need not be extensive, the ALJ must provide some reasoning in order for [the court] to
28 meaningfully determine whether the ALJ's conclusions were supported by substantial

8

1   evidence.").

2   Regardless, as argued by Plaintiff, even were the Court to find that the ALJ sufficiently

3   identified the limitations opined by Dr. Sall by including his opinion along with "dozens" of

4   workers compensation assessments in a string cite, "the explanation the ALJ provided is not

5   sufficient." (Doc. No 15 at 11). The entirety of the ALJ's reasoning as to the "worker's

6   compensation work restrictions and opinions throughout the record, along with the treating source

7   opinions" is as follows:

> The undersigned has found these to be unpersuasive and inconsistent with the medical evidence in this case. These opinions were formed in the context of worker's compensation assessments. These opinions provided generally that the claimant had temporary disability ratings, or denote the claimant's ability to perform certain actions. The opinions consist of circled responses with undefined values, and no evidence is provided in support of these responses. Furthermore, as described, these disability and impairment ratings are temporary in nature, and do not encompass the full period relevant to this determination. Finally, there is insufficient evidence provided to support such ratings, which are already standalone in nature.

15  (AR 28). First, Dr. Sall completed a separate "physical medical source statement" as Plaintiff's

16  treating physician, wherein he opined Plaintiff's prognosis was "poor," his impairments lasted or

17  can be expected to last at least twelve months, and the onset date for the limitations was

18  September 2018. (AR 837-40). Thus, the ALJ's reasoning that the non-state agency opinions

19  were unpersuasive because they were formed in the context of a worker's compensation claim,

20  provided temporary disability ratings, or were "standalone in nature," does apply to Dr. Sall's

21  opinion.

22  Next, as to the consistency factor, the ALJ generally finds, without citation to the record

23  or supporting evidence, that the non-state agency reviewing opinions, as a whole, are

24  "inconsistent with the medical evidence in this case." (AR 28). Plaintiff argues the ALJ failed to

25  "properly account for the consistency of [Dr. Sall's] opinion as required by the prevailing

26  regulations." (Doc. No. 15 at 13). The Court agrees. The ALJ only provides a string cite of

27  worker's compensation opinions and treating source statements "throughout the record," without

28  reference to any evidence from the record that is inconsistent with the precise limitations opined

9

1 by Dr. Sall, or explanation as to how the "medical evidence" was inconsistent with those
2 limitations.  (*See* AR 28); *see Woods*, 32 F.4th at 792 (in rejecting an examining or treating
3 doctor's opinion as unsupported or inconsistent under the new regulations, an ALJ must still
4 provide an explanation supported by substantial evidence).  Defendant cites portions of the ALJ's
5 summary of the medical evidence, comprised entirely of Dr. Sall's own treatment records, that
6 could arguably support a finding of inconsistency with his opined limitations, including no
7 swelling, deformity, or tenderness, normal gait, equal and active reflexes in the lower extremities,
8 opined permanent restriction of no lifting over 10 pounds, and imaging results showing mild disc
9 bulges at three levels with no nerve root impingement.  (Doc. No. 19 at 7 (citing AR 27-28, 550,
10 921-22)).

11 However, while a portion of the evidence cited by Defendant was included in the ALJ's
12 summary of the medical evidence, it was not cited by the ALJ as evidence of inconsistency
13 between Dr. Sall's opinion and the overall record.  (*See* AR 28); *Bray v. Comm'r of Soc. Sec.*
14 *Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (the Court "review[s] the ALJ's decision based on
15 the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt
16 to intuit what the adjudicator may have been thinking.").  Further, as noted by Plaintiff and
17 observed in the treatment notes cited by Defendant *supra*, while the longitudinal record contains
18 evidence of more benign examination findings, the record also includes ongoing evidence, taken
19 almost entirely from Dr. Sall's own treatment notes, of decreased range of motion, decreased
20 strength in lower extremities, decreased sensation, positive straight leg testing, and tenderness to
21 palpation.  (Doc. No. 15 at 12-13; AR 545 (noting herniated disc), 550, 555, 562, 569 (noting no
22 improvement for more than a year), 575, 581, 587, 593, 624, 633, 639, 659, 668, 683, 690, 702,
23 730, 737, 744, 756, 773, 782, 791).  Based on the foregoing, the ALJ's finding that all of the non-
24 state agency reviewing opinions, including Dr. Sall's, were unpersuasive because they were
25 inconsistent with the medical evidence, was not supported by substantial evidence.

26 Finally, as to the supportability factor, the ALJ found the non-state agency reviewing
27 opinions, presumably including Dr. Sall's, "consist of circled responses with undefined values,
28 and no evidence is provided in support of these responses."  (AR 28).  Under the new regulations,

"the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support" the medical opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 404.1520c(c)(1); *see also Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) ("the ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusion."); *see also Gitchell v. Comm'r of Soc. Sec.*, 2023 WL 1785914, at *15 (E.D. Cal. Feb. 6, 2023) (holding ALJ appropriately considered supportability factor by finding opining doctor did not cite to specific objective findings to support his opinions). Here, however, Dr. Sall's opinion specifically identified clinical findings and objective signs in support of his assessed limitations, including impaired forward flexion and lumbosacral junction, positive straight leg raise test on the right side, decreased right knee reflex, decreased right leg sensation, and weakness of the right leg. (Doc. No. 15 at 12 (citing AR 837)). Moreover, Dr. Sall responded "yes" to the question "[a]re your patient's impairments . . . as demonstrated by signs, clinical findings, and laboratory or test results reasonably consistent with the symptoms and functional limitations described above in this evaluation." (AR 840). Finally, it is well-settled in the Ninth Circuit that when a treating physician's check-box opinion was "based on significant experience with [Plaintiff] and supported by numerous records, [it was] therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit." *Garrison*, 759 F.3d at 1013. As noted by Plaintiff, and discussed *supra*, Dr. Sall's treatment notes routinely observed decreased range of motion, decreased strength in lower extremities, decreased sensation, and positive straight leg testing. (Doc. No. 15 at 13). Thus, to the extent the ALJ specifically considered Dr. Sall's opined limitations under the new regulations, the ALJ's supportability finding is not supported by substantial evidence.

For all of these reasons, the ALJ's rejection of Dr. Sall's opinion is not supported by substantial evidence. On remand the ALJ must reconsider Dr. Sall's opinion along with any relevant medical opinion evidence.

**B. Symptom Claims**

An ALJ engages in a two-step analysis when evaluating a claimant's testimony regarding subjective pain or symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

The ALJ first must determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (internal quotation marks omitted). "The claimant is not required to show that his impairment could reasonably be expected to cause the severity of the symptom he has alleged; he need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 26). Plaintiff argues that that the ALJ then "proceeded to summarize the treatment records that detail Plaintiff's reported symptoms, objective findings, and treatment plans. This fails to state a clear and convincing reason for rejecting Plaintiff's testimony." (Doc. No. 15 at 14-15). The Court agrees. The Ninth Circuit does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony, nor do they require ALJs to draft dissertations when denying benefits." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020); *Smartt v. Kijakazi*, 53 F. 4th 489, 499 (9th Cir. 2022) ("The standard isn't

whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince.")).  However, "[a]n ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter*, 806 F.3d at 489.  Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *Brown-Hunter*, 806 F.3d at 494 ("To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by the evidence in the record, to support that credibility determination.").

Here, a plain reading of the ALJ's decision indicates that while he identified Plaintiff's claims of back pain and radiculopathy, the ALJ's analysis is entirely comprised of a chronological summary of the medical evidence including Plaintiff's reports of persistent pain and difficulty walking despite acupuncture and physical therapy treatment; diminished strength, range of motion, and sensation in the right lower extremity; positive right leg straight leg tests; imaging showing mild degenerative changes, mild foraminal stenosis, and mild disc bulges with no nerve root impingement; improvement in range of motion testing "over time"; reports of increased and persistent pain despite being treated with medication; and indications that Plaintiff was denied authorization for medication and injections.  (AR 26-27, 474-75, 482-83, 540, 550, 557, 563, 587, 593, 639, 643, 663 (noting lack of improvement with conservative care), 680, 692-93, 747, 764 (feels he is not improving), 795, 815, 821, 845, 853, 893, 956, 975).  The ALJ's general finding that Plaintiff's symptom claims were not entirely consistent with the medical record, without identification or explanation as to how the medical evidence undermined his testimony was not a clear and convincing reason, supported by substantial evidence, to reject his symptom claims.

Defendant references the ALJ's summary of Plaintiff's testimony regarding his symptoms, as well as the ALJ's summary of the medical evidence, and argues those portions of the decision include additional reasons given by the ALJ for discounting Plaintiff's symptom claims.  (Doc.

13

1  No. 19 at 10-11). These reasons include lack of corroboration by objective evidence that shows
2  mild disc bulges at three levels with no nerve root impingement and benign examination findings
3  "regarding Plaintiff's strength and gait"; "conservative treatment" with physical therapy,
4  acupuncture, and work conditioning; unidentified daily activities that contradict Plaintiff's
5  symptom claims; and a single report that Plaintiff's prescribed medication helped alleviate pain.
6  (*Id.*). Factors the ALJ may consider when evaluating Plaintiff's symptom claims include the
7  objective medical evidence, the claimant's treatment history, the claimant's daily activities,
8  effectiveness of treatment, and inconsistencies in testimony. *Ghanim*, 763 F.3d at 1163; *see*
9  *Tommasetti*, 533 F.3d at 1040 (a favorable response to treatment can undermine a claimant's
10 complaints of debilitating pain or other severe limitations); *Bunnell v. Sullivan*, 947 F.2d 341,
11 346-47 (9th Cir. 1991) (ALJ may not discredit a claimant's pain testimony and deny benefits
12 solely because the degree of pain alleged is not supported by objective medical evidence);
13 *Rollins*, 261 F.3d at 857 (ALJ may consider a claimant's activities that undermine reported
14 symptoms).

However, as discussed *supra*, this evidence was noted as part of the ALJ's summary of
16 Plaintiff's testimony and the medical record; thus, the Court is not permitted to consider these
17 "reasons" as they were not offered by the ALJ in the decision as reasons to discount Plaintiff's
18 symptom claims. *Bray*, 554 F.3d at 1226 (the Court "review[s] the ALJ's decision based on the
19 reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to
20 intuit what the adjudicator may have been thinking."). Moreover, while the ALJ includes
21 instances of reported effectiveness of treatment and treatment history as part of the summary of
22 the medical record, as noted above, he fails to specifically identify or explain how any specific
23 portion of Plaintiff's treatment history undermines his claimed limitations. *See Brown-Hunter*,
24 806 F.3d at 494. Thus, to the extent offered as such, they do not rise to the level of a clear and
25 convincing reason, supported by substantial evidence, to wholly reject Plaintiff's symptom
26 claims. Finally, as noted by Plaintiff, regardless of whether the ALJ properly supported a finding
27 that Plaintiff's symptom claims were not corroborated by objective testing and physical
28 examinations, it is well-settled in the Ninth Circuit that an ALJ may not discredit a claimant's

pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. (Doc. No. 15 at 14); *Rollins*, 261 F.3d at 857; *Bunnell*, 947 F.2d at 346-47.

The Court concludes that the ALJ did not provide clear and convincing reasons, supported by substantial evidence, for rejecting Plaintiff's symptom claims. On remand, the ALJ must reconsider Plaintiff's symptom claims.

**C. Remedy**

The Court finds in this case that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered the medical opinion evidence and Plaintiff's symptom claims, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Thus, the undersigned recommends the case be remanded for further proceedings. On remand, the ALJ should reconsider the medical opinion evidence, and provide legally sufficient reasons for evaluating the opinions, supported by substantial evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should also reevaluate Plaintiff's symptom claims. Finally, the ALJ should reconsider the remaining steps in the sequential analysis, reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

Accordingly, it is **RECOMMENDED**:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 15) be GRANTED.
2. Defendant's Cross Motion for Summary Judgment (Doc. No. 19) be DENIED.
3. Pursuant to sentence four of 42 U.S.C.§ 405(g), the Court REVERSE the Commissioner's decision and REMAND this case back to the Commissioner of

1 | Social Security for further proceedings consistent with this Order.

2 | 4. The district court direct the Clerk to enter judgment in favor of the Plaintiff, terminate any pending motions/deadlines, and close this case.

### NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   April 19, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE